# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:98-cr-262-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VEDA ELLEN PORRECA,<br><br>Defendant,<br><br>and<br><br>SERVICE PROFESSIONALS OF FLORIDA,<br><br>Garnishee. | ORDER |

**THIS MATTER** is before the Court on Defendant's *Pro Se* Motion for Modification of Garnishment (Doc. No. 51). Plaintiff has responded, and the matter is ripe for decision.

## I. BACKGROUND

A criminal conviction was entered against Defendant on September 22, 1999. Defendant was convicted of Fraudulent Loan and Credit Application and Aiding and Abetting the Same in violation of 18 U.S.C. § 1014; Making False Statements in violation of 18 U.S.C. § 1001; and False Oath and Claims in violation of 18 U.S.C. § 152. Defendant was sentenced to twenty-four months imprisonment and three years supervised release and ordered to pay $282,078.58 in assessment and criminal restitution. No payment plan was contained in the initial judgment; rather, the restitution was due in full immediately. The balance as of February 14, 2018 was $266,646.84.

1

Defendant made small voluntary payments while on supervised release and thereafter, until payments ceased in October 2011. Treasury Offset Payments were then applied to the restitution in 2012, 2013, 2014, and 2015. The Government negotiated a payment plan with Defendant of $400 per month beginning November 25, 2015. Defendant failed to make any payments pursuant to this agreement. Accordingly, the Government initiated garnishment proceedings in October 2017. Service Professionals of Florida (the "Garnishee"), Defendant's employer, was served with a writ of continuing garnishment and filed its answer on January 23, 2018. Defendant did not make a claim for any exemptions from garnishment, but she did state that a twenty-five percent garnishment would cause severe financial hardship.

On February 12, 2018, the Honorable David S. Cayer, United States Magistrate Judge, signed an Order of Continuing Garnishment, ordering the Garnishee to "pay the United States up to twenty-five percent of Defendant's net earnings which remain after all deductions required by law have been withheld and one hundred percent of all 1099 payments," continuing such payments "until the debt to the United States is paid in full or until Garnishee no longer has custody, possession or control of any property belonging to Defendant or until further order of this Court." (Doc. No. 50).

On February 13, 2018, Defendant filed this Motion for Modification of Garnishment, seeking a reduction to ten percent of her nonexempt earnings.

## II. DISCUSSION

According to the Federal Debt Collection Procedures Act of 1990, "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. §

3205(a). If the court finds that the required procedures for obtaining a writ of garnishment have been satisfied, "the court shall issue an appropriate writ of garnishment." *Id.* § 3205(c).

Here, the first question is whether an "appropriate" writ of garnishment can be lower that the twenty-five percent of earnings set in the Order of Continuing Garnishment. As defined for purposes of the Federal Debt Collection Act of 1990, "'[n]onexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002. Section 303 of the Consumer Credit Protection Act, in turn, states that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed [] 25 per centum of his disposable earnings for that week." 15 U.S.C. § 1673(a). The Government agrees that twenty-five percent "is the maximum amount permitted for government seizure." (Doc. No. 52, 4 n.1); *see also United States v. Lee*, 659 F.3d 619, 621 (7th Cir. 2011) (finding that twenty-five percent is the "ceiling" for garnishment of a debtor's disposable earnings); *United States v. George*, 144 F. Supp. 2d 161, 164–65 (E.D.N.Y. 2001) (finding that "a 25% garnishment of disposable income (as opposed to any lesser amount) is not mandatory," but rather that "all the pertinent statutory language indicates that 25% is a maximum figure"). Thus, the Court concludes that while twenty-five percent is the maximum garnishment that can be imposed on disposable earnings, a Court may impose a lower rate.

The second question is whether this Court has the authority to modify an order of garnishment setting a twenty-five percent garnishment. The Government acknowledges that the Court retains authority to modify a court-ordered schedule for repayment of an order of restitution "as the interests of justice require." 18 U.S.C. § 3664(k). Similarly, the Government acknowledges that under the Federal Debt Collection Procedures Act of 1990, the Court "may at

any time on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. This includes an order of garnishment.

The Government argues that § 3013, however, is only intended to apply in limited circumstances, where a defendant is subject to abuse by the Government. The Government relies heavily on a case from the District of South Dakota in reaching this conclusion. *See United States v. Lawrence*, 538 F. Supp. 2d 1188, 1195 (D.S.D. 2008). Other cases, however, have not drawn so strict a line. In *United States v. Kaye*, 93 F. Supp. 2d 196 (D. Conn. 2000), the court found that § 3013 should not be "so limited," but rather that a concept of "reasonableness" should be applied to the exercise of authority under § 3013. *Id.* at 198; *see also United States v. Dover*, No. 4:02-50001, 2016 WL 806708, at *4 (E.D. Mich. Mar. 2, 2016) (applying a reasonableness standard); *United States v. Ogburn*, 499 F. Supp. 2d 28, 31 (D.D.C. 2007) (same). This Court agrees with the latter line of cases and finds that the plain language of § 3013 provides broad discretion for a court to modify a writ of garnishment based on the reasonableness of the circumstances.

One factor of the reasonableness of an enforcement procedure is the financial situation of the Defendant. The Federal Debt Collection Procedures Act of 1990 specifically allows for "discovery regarding the financial condition of the debtor" in "an action or proceeding under subchapter B or C." 28 U.S.C. § 3015(a). Garnishment is a post-judgment remedy contained in subchapter C. 28 U.S.C. § 3205. Further, in *United States v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007), the court found that it had "the discretion to consider an objection that a garnishment of 25% of disposable earnings is inequitable under the judgment debtor's individual circumstances." *Id.* at 731. While the court in that case found that the debtor did not follow

4

correct procedures for an objection to the garnishment, it noted that there appeared "to be nothing that would prevent Crowther from now moving to modify the writ of garnishment under 28 U.S.C. § 3013." *Id.* at 732, n.3. This is the exact procedural posture of Defendant's motion for modification, and accordingly the Court finds that it has the authority to consider Defendant's financial situation in ruling on a motion for modification under § 3013.

The third and final question at issue is whether a modification of the current garnishment in this case is reasonable. Defendant claims that a twenty-five percent garnishment subjects her to financial hardship, such that she is not able to meet all of her necessary financial obligations. The Government claims that Defendant's stated financial concerns about her service dog, electric bills, auto loans, and medical support for her parents are not reasonable expenses. The Government argues that Defendant's roommate pays the electric bills, that the payments on Defendant's auto loans are not necessary for Defendant, that Defendant has not proven that her dog is a certified service dog, and that Defendant's parents are not dependents. The Court agrees that Defendant has not proven that she personally pays a portion of the electric bills, that the auto loan for her daughter's car is a reasonable expense, or that her dog is indeed a certified service dog. However, the Court finds that Defendant's financial support of her aging parents (by providing groceries) is a reasonable expense, and that Defendant has shown she has additional expenses due to damage from Hurricane Irma. Further, the Court finds that taking these expenses into account imposes a hardship upon Defendant while a twenty-five percent garnishment of her earnings is in place.

Accordingly, the Court finds that a reduction of the garnishment on Defendant's nonexempt earnings to twenty percent (20%) is a reasonable modification under § 3013 that will

enable the Government to continue to collect on its debt while taking into account the financial situation of the Defendant.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Pro Se* Motion for Modification of Garnishment (Doc. No. 51) is **GRANTED IN PART, DENIED IN PART.**

The Garnishee shall pay the United States twenty percent (20%) of Defendant's net earnings which remain after all deductions required by law have been withheld and one hundred percent (100%) of all 1099 payments, and Garnishee will otherwise continue these payments in accordance with the prior Order of Continuing Garnishment (Doc. No. 50).

**SO ORDERED.**

Signed: April 12, 2018

Graham C. Mullen
United States District Judge